HENRY S. BRIDGES *vs.* WILLIAM C. SPRAGUE & PEMBROKE IRON CO., trustees, & WILLIAM MITCHELL, claimant.

A contract between the owner and master of a vessel, whereby the latter is to sail her at the halves, man and victual her, and the former to have half the earnings, constitutes the master owner *pro hac vice*, and creates no partnership between them.

Freight-money earned during the subsistence of such a contract belongs to the master alone; and it may be holden by a creditor of the master by a timely foreign attachment.

The *dicta* in *Williams* v. *Williams*, 23 Maine, 17, so far as they conflict herewith, overruled.

The owner, having by his contract substituted the master in the place of the former, cannot claim the freight as owner.

ON EXCEPTIONS.

DEBT on a judgment commenced by trustee process, dated Aug. 10, 1866, and served on the Pembroke Iron Company, named as trustees of the principal defendant, Aug. 11, 1866.

The trustees disclosed in substance, that on or about the 7th of August, 1866, the schooner Frances Arthemus delivered to the company a cargo of iron ore, upon which the freight amounted to five hundred and twenty-seven dollars and ninety-one cents ; which sum of money was in their hands at the date of the service of the writ upon them ; that on Aug. 24, and Sept. 8, 1866, they received notifications in writing, from William Mitchell, claiming the money ; that after the service of the writ upon them, they paid to the principal defendant, Captain W. C. Sprague, two hundred and fifty dollars, who paid the crew and other disbursements of the vessel ; that the bill of lading was signed by Captain Sprague ; that the freight was payable to Captain Sprague's order as captain of the schooner Frances Arthemus.

It appeared from the deposition of the principal defendant, that he sailed the schooner at the halves, he to victual and man her, and William Mitchell, the owner, to have one-half her earnings ; that he contracted for the bringing of the freight through a commission

merchant in New York; that it is customary for the master to collect the whole freight whenever he runs a vessel on shares, unless loaded and consigned to the agent of the owners; and that the Frances Arthemus was not so loaded and consigned.

The claimant made the proper allegations under the statute, and offered to prove that the funds in the hands of the trustees at the time of the service of the writ, were not those of the principal defendant, but belonged to the claimant; that they arose from the freight of a cargo of ore brought to the trustees in the schooner Frances Arthemus, August, 1866; that the schooner was the claimant's own property; and that the whole of the freight-money was his, and no part thereof belonged to the principal defendant.

The presiding judge ruled that the trustees were chargeable for one-half of the amount of the freight, and the claimant, William Mitchell, alleged exceptions.

*George Walker*, for William Mitchell.

*B. Rogers*, for the plaintiff.

BARROWS, J.   The creditor of a shipmaster who was sailing a schooner on shares,—he to victual and man her, and the owner to have half her earnings,—after the freight-money had been earned and the cargo delivered, as appears by the disclosure of the trustee, summoned the consignee (who was to pay the freight), in a process of foreign attachment, seeking to hold the amount due for freight for the master's debt.   After the service of the trustee writ, the owner of the schooner notified the trustee of his claim to the funds; the trustee paid the master one-half the freight-money, which he used to pay the crew and other disbursements for the vessel, and now the owner of the vessel appears and claims the remainder of the money.

At *nisi prius* the trustee was charged for half the amount of the freight-money, and the case is before us on exceptions to this ruling.

We think that neither the claimant nor the trustee can have any

just grounds to complain of this ruling. The plaintiff does not, because the half is sufficient to cover his debt and cost.

The owner of the schooner, who makes this claim, had made the master the owner for the voyage. It is well settled that such an arrangement between the owner and master, as existed in this case, according to the testimony of the master, makes the master owner, *pro hac vice*, and creates no partnership between them. *Thompson* v. *Snow*, 4 Greenl. 265, and cases there cited.

By such an arrangement, the owner is relieved from any personal liability upon the contracts of the master for supplies furnished to the vessel. *Winsor* v. *Cutts*, 7 Greenleaf, 261; *Houston* v. *Darling*, 16 Maine, 413. Or to the shipper of goods on board the vessel for any malfeasance in the performance of the contract for carrying them. *Sproul* v. *Donnell*, 26 Maine, 185. And he is also precluded from maintaining any action for freight earned by the vessel during the continuance of such an arrangement, and from interposing his claim as owner, to prevent the party liable for the freight-money from offsetting against it any claim which he may have against the master, who is held to be the only person entitled to maintain an action for the recovery of it. *Manter* v. *Holmes*, 10 Met. 402.

When the owner thus voluntarily divests himself of his ownership temporarily, he must be content to take his place among the other creditors of the master, to whom he has intrusted his property. To the master he must look, for the faithful performance of his contract; he cannot call upon the shipper or consignee for a share of the freight-money. That is payable to the master only, and, like any other credit of the master's, must be holden to any vigilant creditor who makes a timely foreign attachment.

The owner, by his contract, has substituted the master in his place for the time being, and cannot claim as owner.

In *Richardson* v. *Whiting*, 18 Pick. 530, the schooner was engaged in a general coasting business for the owners. Whiting, the master and principal defendant, had no interest in her except as master, and no lien for wages or disbursements, for all which he

had been fully reimbursed.   He was not the owner for the voyage, and had no interest in the freight-money which had been earned, or any claim to it except as agent for the owners.   Certain *dicta* in *Williams* v. *Williams*, 23 Maine, 17, seem opposed· to the doctrine which we here affirm, but they were not necessary to the decision of that case ; for there the freight-money had been collected, and the master had received his share, and the remainder of it had come into the defendant's· hands with a knowledge that the plaintiff was equitably entitled to it as owner of the vessel, and he had promised to pay it to the plaintiff when received.   The *dicta* implying that it could not be holden by a creditor of the master attaching it by trustee process before it had been collected, and the master's share severed by his own act, cannot be deemed an authority that will avail the claimant here.                              *Exceptions overruled.*

APPLETON, C. J.; CUTTING, KENT, WALTON, and DANFORTH, JJ., concurred.